The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard B. Ford, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award, except for some minor technical and grammatical modifications and the deletion of Conclusion of Law (4).
Plaintiff has failed to show good ground in support of her 3 April 1996 Motion to Consider Additional evidence relating to vocational rehabilitation and, it is therefore, DENIED.
* * * * * * * * * * * * *
The Full Commission finds was fact and concludes as matters of law the following, which were entered into by the parties at the hearing before Deputy Commissioner Ford as:
STIPULATIONS
1. On 23 July 1993, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date an employer-employee relationship existed between the parties.
3. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. Plaintiff sustained a bruise to her right arm by accident arising out of and in the course of the employment with defendant-employer on 23 July 1993.
5. On said date plaintiff was earning an average weekly wage of $323.25.
6. That the issues to be determined in this case are:
 a. Are the injuries of which plaintiff complains caused by the accident occurring on 23 July 1993; and,
 b. Is plaintiff able to return to work as contemplated under the provisions of the North Carolina Workers' Compensation Act; and,
 c. To what compensation, if any, is plaintiff entitled under the Act.
7. Plaintiff began working for defendant on 11 May 1987, last worked for the said defendant on 2 August 1993, and has not returned to work since said date.
8. The parties further stipulate into evidence approximately 75 pages of medical records together with a Pre-trial Agreement of stipulated facts and material.
Subsequent to the hearing on 16 November 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Larry W. Boyles, M.D. dated 16 January 1995.
2. Deposition of John B. Scroggin, M.D. dated 16 January 1995.
3. Deposition of Andrea Stutesman, M.D. dated 25 May 1995.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 23 July 1993, plaintiff, who had been working for defendant approximately six years, was employed by defendant-employer as a production line screw driver operator and on said date sustained an injury to her low back and cervical spine arising out of and in the course of the employment with defendant when she attempted to prevent the fall of a 50 pound dresser from a conveyor belt in the course of which effort she was struck on the right arm and felt pain in her low back and a coldness in her chest.
2. At the time of the incident, plaintiff was given assistance by persons in her department to stop the conveyor belt and move the fallen dresser after which the incident was reported to defendant and plaintiff was treated by the plant nurse.
3. Subsequent to the incident, plaintiff advised defendant of her distress and sought medical care and treatment for which defendant bore the expense.
4. Subsequent to the incident, plaintiff continued to work until 2 August 1993 while being medically treated for her complaints beginning 1 August 1993.
5. Prior to 23 July 1993, in 1991 and 1992, plaintiff received medical care for usual ailments but was without physical problems prior to the said incident on 23 July 1993.
6. Subsequent to 29 November 1994, plaintiff was involved in a motor vehicle accident in which she injured her foot and knee.
7. During her course of medical treatment beginning 1 August 1993 to 29 November 1994, plaintiff was conservatively treated including rehabilitation and pain management, was medically diagnosed as suffering from costochondritis, myofascial and fibromyalgia, but principally cervical and lumbar strain which the Full Commission finds as facts.
8. Plaintiff reached maximum medical improvement from the injuries she sustained on 23 July 1993 on November 29, 1994 when it was medically determined that further medical treatment would be of no benefit to plaintiff and she was medically rated and medically given work restrictions of no bending or twisting or lifting in excess of ten to twenty pounds.
9. Plaintiff has sustained a three percent permanent partial disability of the back and spine.
10. Plaintiff lost time from work as a result of the injury from 2 August 1993 to 29 November 1994.
11. Plaintiff was earning an average weekly wage of $323.25 on 23 July 1993.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 23 July 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
2. As the result of the 23 July 1993 injury by accident plaintiff is entitled to temporary total disability compensation benefits from 2 August 1993 to 29 November 1994 at the rate of $215.50 per week.
3. Plaintiff is entitled to permanent partial disability compensation benefits for nine weeks at the rate of $215.50 per week commencing 29 November 1994.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff in one lump sum temporary total disability compensation benefits from 2 August 2, 1993 to 29 November 1994 at the rate of $215.50 per week, less the attorney fee hereinafter provided.
2. Defendant shall pay to plaintiff permanent partial disability compensation benefits for nine weeks at the rate of $215.50 per week commencing 29 November 1994, less the attorney fee hereinafter provided.
3. Defendant shall pay all medical expense resulting from said injury up to the date of this Opinion and Award and no further when the same have been presented and approved according to procedures established by the Industrial Commission.
4. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Randy D. Duncan for his services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
5. Defendant shall pay the costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER